IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD T. HAYDEN,** )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)  Case No. 3:23-cv-3251-DWD<br>LATOYA HUGHES, IDOC Director, )<br>CHERRYL HINTHORNE, IRCC )<br>Warden, and KWAME RAOUL, IL )<br>Attorney General, )<br>)<br>Respondent. ) | |

## ORDER TRANSFERRING CASE

**DUGAN, District Judge:**

Before the Court are Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) and Motion for the Appointment of Counsel (Doc. 3).

Petitioner pled guilty and was sentenced in Kane County, Illinois, which is located within the Northern District of Illinois. (Doc. 1, pg. 1). At present, Petitioner is confined within the Illinois Department of Corrections at Illinois River Correctional Center, which is located in Canton, Fulton County, Illinois. (Doc. 1, pgs. 1, 5, 23). Fulton County, Illinois, is located within the Central District of Illinois.

In the context of petitions filed under § 2254, "the 'default rule' is that a § 2254 petition must be brought where Petitioner's immediate custodian is located, [citation], unless some other provision of law can be found granting another district court jurisdiction." *See Moore v. Phillips*, No. 10-cv-666, 2010 WL 4449727, *1 (S.D. Ill. Nov. 1, 2010) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004)). Put another way, district

courts are limited to granting habeas relief within their respective jurisdictions. *See id*. An exception to this "default rule" exists, as 28 U.S.C. § 2241(d) provides as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

Here, neither Petitioner's place of confinement nor court of conviction and sentence is located within the Southern District of Illinois. As noted above, Plaintiff's place of confinement and, by extension, the proper Respondent, is located within the Central District of Illinois. Petitioner's court of conviction and sentence is located within the Northern District of Illinois. In short, this Court is without jurisdiction to consider the instant Petition. Accordingly, the Court **FINDS** it is appropriate to follow the "default rule" and to *sua sponte* **TRANSFER** the case to the U.S. District Court for the Central District of Illinois for such further proceedings as that Court may deem appropriate. *See Moore*, 2010 WL 4449727, *1 (quoting *Rumsfeld*, 542 U.S. at 442); *see also Gamboa v. Daniels*, 26 F.4th 410, 414 (7th Cir. 2022) ("A court 'may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.' [Citation]."). The Clerk of the Court is **DIRECTED** to take all actions necessary to effectuate the transfer.

**SO ORDERED.**

Dated: December 11, 2023

                                            *s/ David W. Dugan*
                                            DAVID W. DUGAN
                                            United States District Judge